By the Court.—Speir, J.
The question to be determined is whether the defendent Fowler had such an interest in the profits of the business of the firm of W. G. & J. E. McCormack as to render him liable jointly with them as a partner to third parties. The facts in the case are uncontradicted.
The agreement in substance is that the defendant Fowler should lend or advance to W. G. & J. E. McCormack $50,000, upon certain real estate, to be used by them in building certain houses on that real estate ; the McCormacks were to pay for this loan, interest, and one-half of the .profits of the houses when sold, which should not be less than $12,500. The whole loan, interest and profits, to be secured by bond and *198 mortgage on the premises ; Fowler to take new second mortgages for his loan and profits, whenever the Mc-Cormacks should be able to obtain a prior loan on the premises, and the new mortgages to be paid off when the houses were sold.
It appears that the agreement was carried out as contemplated by the parties and the mortgages called for by the agreement were all given. But the stipulated sum below which the profits should not fall, $12,500, was included with the $50,000 loaned to the McCormacks on the bond, which raised the second mortgages to $62,500. Fowler was advised that the mortgages for this latter sum were tainted with usury, and he deducted the $12,500 and took new mortgages for $50,000.
We are of the opinion that the true construction of the instrument is, that it was a contract between the lender and the borrower, in which provision was mutually made that as to the profits it was merely a mode of providing a compensation to Fowler for the use of the money he had advanced, and that Fowler was entitled to receive a share of the„ profits, not as a partner, but on account of the advance of the money he had made to the firm of W. Gr. & J. B. McCormack. The lender was to receive seven per cent, and one-half of the profits, and the money was secured by a mortgage of lands, and the money and interest were to be repaid in any event.
It is urged by the learned counsel for the appellant that as the defendant had stipulated under the agreement for one-half of the profits, besides interest, he is liable as a partner for the losses. This would be so unquestionably, had the defendant stipulated for an interest in the profits of the business, as profits, and not as a means of compensation for the loan. The money in this case was advanced by Fowler as a loan' to the firm, and not as the profits of a partner. It *199 did not constitute a portion of the capital of the firm so as to confer the privileges or impose the liabilities incident to a partnership unless it confers some right or ownership in the partnership or the business in which it is engaged (Norman v. Bean, 1 Foster, 93; Loomis v. Marshall, 12 Conn. 69). There are no words in the agreement which authorize the parties here to act for each other, nor can any such intention be inferred from its terms. A partnership is a mutual agency and involves the existence of a joint ownership or interest which is to be managed for the common benefit. There may be a participation in profits, yet no partnership even as to third persons. The real test of the liability of a person to third parties, as a partner, is whether or not the other person or persons conducting the business were his agents to carry it on (Waugh v. Carver, note, Smith N. C. 1299, 7 Am. ed.). It is not claimed that the defendant, Fowler, became the agent of the McCormacks under the agreement or otherwise. It is -true, authority may be implied where the agreement contemplates the creation of a joint ownership or interest, to be mutually managed ; and if the business be so conducted, the parties thereto become liable as partners to third parties. But if the relation into which they enter is merely one of contract, and does not result in a joint interest or ownership, the partnership is not established. A loan by a banker to a manufacturer, on the terms of receiving one-third of the profits instead of interest has been said to be within the principle (Smith v. Vandenburgh, 40 Ill. 34; Lintner v. Milliken, 47 Id. 178).
The several other special defenses urged and argued at length do not require our attention.
The judgment must be affirmed, with costs.
Sedgwick and Freedman, JJ., concurred.